## Commonwealth, Department of Public Assistance, Appellant, *v.* Hicks.

Argued May 26, 1950. Before DREW, C. J., STERN, STEARNE and JONES, JJ.

*M. Louise Rutherford,* Deputy Attorney General,

with her *Harold E. Miller, Jacob L. Aaron,* Special Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant.

*James W. Nelson,* with him *Samuel H. Jubelirer,* for appellee.

OPINION PER CURIAM, June 26, 1950:

The Commonwealth of Pennsylvania commenced this action against Charles Hicks, defendant, to recover the sum of $2770 paid to defendant as a blind man's pension. The Commonwealth's sole contention is that under §9(*c*) of the Public Assistance Law [1] defendant is not entitled to such pension because he possesses tangible assets in the form of bank deposits in excess of $5000. The learned court below held that the $5000 limit imposed by §9(*c*) applied only to real estate and accordingly entered judgment for defendant. From that judgment the Commonwealth has now appealed.

The language of the Act here pertinent provides that "any blind person having real property with an assessed valuation of over five thousand dollars ($5000), is not entitled to such pension." The Commonwealth argues that "real property" as used therein is not intended to be limited to real estate but rather is to include all tangible assets. In the face of the well established and clearly defined meaning in our law of the term "real property" such an argument is untenable. For it is axiomatic that words having a precise and well-settled legal meaning must be given that meaning when they appear in statutes unless there is a clear expression of legislative intent to the contrary: *Smrekar v. J. & L. Steel Corp.,* 137 Pa. Superior Ct. 183, 191, 8 A. 2d 461. That no such intent is here present is obvious from the use of the phrase "assessed valuation". In this Common-

---

[1] Act of June 24, 1937, P. L. 2051, as amended.

wealth real estate alone is normally given an assessed valuation. Therefore, by using that term the legislature clearly indicated that it intended to include only realty. Since defendant does not possess real estate with an assessed value of more than $5000 the court below correctly ruled that he is entitled to his pension.

Judgment affirmed.