Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Estate of Helen T. McBride, Appellee.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*David Shotel,* Assistant Attorney General,. with him *J. Leonard Langan,* Assistant Attorney General, *Kenneth W. Makowski,* Acting Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*Carl G. Wass, Caldwell, Clouser & Kearns,* for appellee.

OPINION BY JUDGE WILKINSON, JR., February 25, 1981:

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Dauphin County reversing an order of the Board which refused the transfer of a liquor license.

Here, an application for transfer of a restaurant liquor license was filed pursuant to Section 468(a) of the Liquor Code, Act of April 12, 1915, P.L. 90, *as amended,* 47 P.S. §4-468(a), following governmental exercise of the right of eminent domain.

After a hearing, the Board, by opinion and order dated August 31, 1979, refused the application for transfer making the following pertinent finding of fact: "3. The proposed licensed premises are located within 300 feet of the Rescue Fire Company No. 1."

Upon appeal to the court of common pleas, a de novo hearing was held on November ·30, 1979. Thereafter, the lower court reversed the order of the Board and granted the requested transfer. In so doing, the

court below adopted the findings of fact submitted by counsel for the appellee, including finding of fact No. 11 which states:

11. The Corporate Charter of Rescue Fire Company No. 1 does not identify any of its purposes as charitable and no testimony was presented which would indicate Rescue Fire Company No. 1 is a "charitable institution" within the meaning of Section 432[1] of the Liquor Code. On the other hand, one of its purposes, stated in its Corporate Charter, is the "fellowship of its members", a purpose not inconsistent with the objectives of the Applicant.

Section 404 of the Liquor Code, 47 P.S. §4-404, provides that in determining the propriety of a license transfer "the [B]oard may, in its discretion, grant or refuse such . . . transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, *charitable institution,* school or public playground. . . ." (Emphasis added.)

The Board argues that the volunteer fire company involved herein is a "charitable institution" within the purview of Section 404 of the Liquor Code and that therefore the denial of the transfer was grounded on a proper exercise of its statutorily granted discretion.

The only evidence presented by the Board in support of the position advanced here consisted of a certified copy of the Articles of Incorporation[2] of

---

[1] This appeal has actually been brought under Section 404 of the Liquor Code, 47 P.S. §4-404, dealing with the issuance and transfer of hotel, restaurant and club liquor licenses; and while Section 432 of the Liquor Code, 47 P.S. §432, deals with the issuance and transfer of malt and brewed beverages retail licenses, the controlling statutory language is identical in each instance.

[2] The record merely indicates that Rescue Fire Company No. 1 was incorporated under the "Pennsylvania Nonprofit Corporation Law."

Rescue Fire Company No. 1 and testimony that the proposed licensed premises was located 238 feet from the volunteer fire company. On cross-examination, paragraph two of the charter, delineating the corporate purposes, was read into the record:

The said corporation is formed for the purpose of organizing and maintaining an association for the extinguishment of fires in Susquehanna Township . . . and protection of life and property from fires for the raising of funds for the support of said corporation through public subscription and for the mutual social enjoyment of its members.

It is clear that some of the purposes identified in the charter are charitable ones. Our Superior Court has stated in this regard that "it is apparent that a volunteer fire company, organized and maintained by the citizens of the community *for the protection of lives and the preservation of property from loss by fire,* is a charitable institution within the meaning of the Liquor Code." (Emphasis added.) *Subers Liquor License Case,* 173 Pa. Superior Ct. 558, 562, 98 A.2d 639, 641 (1953). Therefore, we must conclude that the court of common pleas abused its discretion in finding that the charter of the fire company at issue "does not identify any of its purposes as charitable. . . ." (Finding of fact No. 11.) Such a finding by the court of common pleas evidences a capricious disregard of competent evidence, *to wit,* the corporate charter, and could therefore not support a reversal of the Board's order. *See In Re Brandywine Valley Inn, Inc.,* 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980).

However, our inquiry does not end here. Under Pennsylvania law, the charter of a corporation standing alone is not regarded as sufficient to show satis-

factorily the character thereof. *Wertheimer v. Frank,* 206 F. Supp. 681 (E.D. Pa. 1962). Rather, in order to determine whether the instant fire company is, in fact, a "charitable institution" under the Liquor Code (and not merely a social club), evidence as to the actual "origin, organization, function, objects and methods of operation", *Subers Liquor License Case, supra* at 561, 98 A.2d at 640, must be examined.

Because the court of common pleas did not adequately address the crucial issue of whether Rescue Fire Company No. 1 is a "charitable institution" and because no finding of fact was made which could adequately support a reversal of the Board's order, we must remand this case so that additional evidence may be presented on this issue and in order that a more specific finding may be made.

Accordingly, we will enter the following

ORDER

AND Now, February 25, 1981, the order of the Court of Common Pleas of Dauphin County, entered on December 14, 1979, at No. 301 Misc. Dkt. 1979 is set aside and this case is remanded for a further hearing for a determination of whether Rescue Fire Company No. 1 is a charitable institution.