J-S15024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW JOSEPH SPANG | : | |
| | : | |
| Appellant | : | No. 2085 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 7, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0004022-2018

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 15, 2022**

Matthew Joseph Spang, (Appellant), appeals *nunc pro tunc* from the judgment of sentence reimposed by the trial court after it determined Appellant had violated parole.  After careful review, we affirm.

On November 15, 2017, Pennsylvania Trooper Michele Naab apprehended Appellant for driving under the influence (DUI) of several controlled substances, including fentanyl and alcohol.[1]  Appellant entered an open guilty plea to DUI as a first-degree misdemeanor on December 13, 2018. On March 14, 2019, with the benefit of a pre-sentence investigation report (PSI), the trial court sentenced Appellant to 90 days (the mandatory

_____

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii).

minimum) to five years in prison. **Appellant did not file a post-sentence motion or appeal his 2019 sentence.**

On May 31, 2019, the trial court granted Appellant parole. However, on January 23, 2020, Montgomery County lodged a detainer against Appellant as a result of his incarceration in Lancaster County. Appellant subsequently entered a negotiated guilty plea in Lancaster County to one count of simple assault-victim under 12 years old, defendant 18 or older.[2] The Lancaster County court sentenced Appellant to time served to 23 months in jail.

In Montgomery County, Appellant stipulated to violation of parole (VOP). On August 7, 2020, the trial court sentenced Appellant to serve the balance of his 2019 sentence: 4 years, 9 months and 1 day, with parole eligibility after 198 days. The court imposed the sentence concurrent to Appellant's Lancaster County sentence. **Appellant did not appeal.**

On February 12, 2021, Appellant filed a timely Post Conviction Relief Act[3] (PCRA) petition requesting reinstatement of his direct appeal rights *nunc pro tunc*. The PCRA court granted the petition on September 30, 2021. Appellant filed the instant *nunc pro tunc* appeal of his August 7, 2020, judgment of sentence. Appellant and the trial court have complied with Pa.R.A.P. 1925.

---

[2] 18 Pa.C.S.A. § 2701(b)(2).

[3] 42 Pa.C.S.A. §§ 9541-9546.

Appellant presents a single issue for review:

Whether a challenge to the order that Appellant be recommitted to serve the balance of an illegal sentence after having been found in violation of parole constitutes a direct attack of the underlying conviction for which he was on parole?

Appellant's Brief at 4.

Appellant challenges the legality of his 2019 sentence. *Id.* at 10. Appellant asserts that on March 14, 2019, the trial court imposed the mandatory sentence for a second-offense DUI,[4] based on his acceptance of an Accelerated Rehabilitative Disposition (ARD) in 2010. *Id.* Appellant argues this 2019 sentence was rendered illegal by this Court's decision in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020). *Id.*

Appellant claims "the instant appeal of the August 7, 2020, order of recommitment after the VOP court revoked his parole constitutes a direct attack of the March 14, 2019, sentence, rather than a collateral attack[.]" *Id.* at 14. Appellant acknowledges he filed no post-sentence motions or direct appeal of the 2019 judgment of sentence. *Id.* Nevertheless, Appellant argues he may challenge the 2019 sentence because it was reimposed by the trial court in the VOP proceedings. *Id.* Appellant states he

is appealing to this Court to find that an order of recommitment after a violation of parole hearing constitutes a direct challenge to the sentence under which the VOP court ordered [Appellant] be recommitted, which, here, is the March 14, 2019, sentence[.]

_____

[4] *See* 75 Pa.C.S.A. § 3806(a).

*Id.* Appellant quotes *Commonwealth v. Stanley*, 259 A.3d 989 (Pa. Super. 2021), for the proposition that "punishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation." Appellant's Brief at 16 (quoting *Stanley*, 259 A.3d at 993). Appellant argues this appeal "constitutes a direct challenge to the court's authority to punish him for the 2019 sentence." *Id.* Appellant's argument is contrary to the law.

In parole revocation cases, our standard of review is limited to whether the revocation court erred, as a matter of law, in revoking parole and recommitting the defendant to confinement. *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008).

> [A] parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

*Id.* at 290 (citations omitted).

Appellant focuses on the legality of his 2019 sentence, as opposed to the propriety of the 2020 revocation proceedings and sentence. As long as the reviewing court has jurisdiction, a challenge to the legality of sentence is non-waivable and the court may address it *sua sponte. Commonwealth v. Lee*, 260 A.3d 208, 210 (Pa. Super. 2021). However, in addressing a similar claim of an illegal sentence, this Court explained:

When, on appeal from a sentence imposed following probation revocation, an appellant collaterally attacks the legality of the underlying conviction or sentence,

**such an approach is incorrect and inadequate for two reasons. First, any collateral attack of the underlying conviction [or sentence] must be raised in a petition pursuant to the [PCRA]. Second, such an evaluation ignores the procedural posture of [the] case, where the focus is on the probation revocation hearing and the sentence imposed consequent to the probation revocation, not the underlying conviction and sentence.**

*Commonwealth v. Beasley*, 570 A.2d 1336, 1338 (Pa. Super. 1990).

The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007); 42 Pa.C.S.A. § 9542. "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. … [A] collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA. *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1173 n.9 (Pa. Super.2008).

*Commonwealth v. Infante*, 63 A.3d 358, 363-65 (Pa. Super. 2013) (emphasis added).[5]

Here, Appellant challenges the legality of his 2019 sentence, as opposed to the trial court's revocation of parole and recommitment to confinement. *Kalichak*, 943 A.2d at 291. We lack jurisdiction to review Appellant's 2019 sentence, as Appellant filed no timely direct appeal or PCRA petition

---

[5] Like *Infante*, Appellant alleges intervening case law rendered his sentence illegal.

challenging that sentence.  ***See id.***  Accordingly, we may not grant Appellant

relief.

Judgment of sentence affirmed.

Judge Sullivan joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/15/2022