**[J-75-2024] [MO: Todd, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 26 MAP 2024
:
      Appellee : Appeal from the order of the Superior
: Court at No. 1480 MDA 2022 dated
: April 24, 2023
v. : reversing/vacating/remanding the
: Judgment of Sentence of the Adams
: County Court of Common Pleas,
GEORGE THOMAS SHIFFLETT, : Criminal Division, at No. CP-01-CR-
: 0000650-2022 dated September 22,
      Appellant : 2022.
:
: ARGUED: October 9, 2024

**DISSENTING OPINION**

**JUSTICE MUNDY**                                      **DECIDED: May 30, 2025**

I dissent for two reasons. First, even if I agreed with the majority that a DUI defendant's previous ARD acceptance fell within the general rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99, 103 (2013),[1] I would not conclude Section 3806 of the Vehicle Code is thereby rendered facially "unconstitutional to the extent it provides that a previous acceptance of ARD constitutes a prior offense for the purpose of an enhanced sentence under Section 3804." Majority Op. at 29. Second, I disagree with the majority's holding that under *Apprendi*, a prior ARD acceptance must be found by a jury, as I find no constitutionally meaningful distinction between a prior ARD and a prior conviction. My reasoning follows.

---

[1] Together, *Apprendi* and *Alleyne* establish a general rule that facts which increase the range of sentences to which a defendant is exposed must be found by a jury beyond a reasonable doubt (hereinafter, the "*Apprendi* rule"). *Apprendi* applies to increasing the top end of the range, while *Alleyne* applies to an increase in the bottom end of the range.

## I.

Section 3806(a) of the Vehicle Code defines "prior offense" to include, *inter alia*, a previous conviction and a previous ARD acceptance. *See* 75 Pa.C.S. § 3806(a).[2] That definitional facet of the statute does not implicate *Apprendi* because it does not prescribe a specific procedure for determining the existence of a prior offense. The Supreme Court's *Apprendi* cases concern procedure – due process and the right to a jury trial – and nothing in those decisions precludes a non-conviction fact from enhancing a penalty so long as it is found by a jury beyond a reasonable doubt. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").[3] Hence, even accepting the majority's premise that a prior ARD acceptance must be found by a jury, Section 3806 would only be unconstitutional if it affirmatively required that such a finding be made by a judge. But nothing in Section 3806(a) speaks to that question. Thus, the majority errs by declaring Section 3806(a) unconstitutional to the extent it defines a "prior offense" to include a prior ARD acceptance for purposes of sentencing under Section 3804.

---

[2] To qualify as a prior offense for sentencing purposes, the earlier conviction or ARD must have taken place within a ten-year lookback window. *See id*. § 3806(b)(1). That aspect of the statute is not presently at issue because it is uncontested that the timing requirement is met in this case.

[3] In *Apprendi*'s terminology, a fact that increases the punishment beyond that which is otherwise imposable comprises an element of a distinct, higher-graded offense. *See Commonwealth v. Dixon*, 255 A.3d 1258, 1264 (Pa. 2021) (citing *Alleyne*, 570 U.S. at 114-15 ("When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury.")); *see also Ring v. Ariz.*, 536 U.S. 584, 600 (2002); *Blakely v. Wash.*, 542 U.S. 296, 301 (2005); *United States v. Booker*, 543 U.S. 220, 231 (2005); *Cunningham v. Cal.*, 549 U.S. 270, 282 (2007); *Oregon v. Ice*, 555 U.S. 160, 163 (2009); *S. Union Co. v. United States*, 567 U.S. 343, 346 (2012); *United States v. Haymond*, 588 U.S. 634, 643 (2019); *Erlinger v. United States*, 144 S. Ct. 1840, 1850 (2024).

It may be argued in response to the above that paragraph (b)(2) directs the judge to "calculate the number of prior offenses, if any, at the time of sentencing." 75 Pa.C.S. § 3806(b)(2). If the word "calculate" is understood to mean, "determine the existence of," that would undermine my position. But even then, only that provision would be constitutionally infirm, not the "prior offense" definition in Section 3806(a). Furthermore, it would be inappropriate, in my view, to interpret "calculate" to mean "determine the existence of." Legislation duly enacted by the General Assembly enjoys a "strong presumption of validity," and it will only be declared unconstitutional upon compelling proof it "clearly, palpably, and plainly" violates the Constitution. *Sands Bethworks Gaming, LLC v. Dep't of Revenue*, 207 A.3d 315, 321 (Pa. 2019). When interpreting a legislative enactment, we are obligated to give it a constitutional interpretation if that can reasonably be done. *See Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.*, 90 A.3d 682, 692 (Pa. 2014).

"Calculate" means to determine the amount of something, not the existence of something. *See* WEBSTER'S NEW COLLEGE DICTIONARY 160 (3d ed. 2008). The statute confirms this meaning with its directive that the sentencing court "calculate *the number of* prior offenses." 75 Pa.C.S. § 3806(b)(2) (emphasis added). Construing it to mean "determine the existence and number of prior offenses" would not only fail to comply with the *Bricklayers* precept mentioned above, it would amount to a judicial insertion of words into a statute that the General Assembly did not include. It is perfectly reasonable, moreover, for a jury to determine as a fact whether the defendant previously resolved a specific DUI charge through the ARD program, and/or whether the defendant was previously convicted of DUI, and for the judge at sentencing to calculate the number of prior offenses based on the jury's findings. Because the statute would be valid under those circumstances, it is not facially unconstitutional. *See Clifton v. Allegheny Cnty.*,

969 A.2d 1197, 1222 (Pa. 2009) (a statute is facially unconstitutional only where there is no set of circumstances under which it would be valid).[4]

The Pennsylvania District Attorneys Association, as *amicus curiae*, forwards an argument along these lines:

> [I]f a defendant who accepted ARD for a DUI offense is then . . . convicted of a subsequent DUI offense, the only requirement should be that the Commonwealth prove beyond a reasonable doubt that the defendant previously accepted ARD for a DUI offense . . .. This is the sentencing enhancement contemplated by the General Assembly in Section 3806 . . .. Accordingly, the Commonwealth submits that if it is required to prove facts beyond a reasonable doubt to comply with *Alleyne*, that burden is satisfied by proving beyond a reasonable doubt that the defendant previously accepted ARD for a DUI offense . . ..

Brief for *amicus* PDAA at 23. I would credit this argument. It may be notedin this respect that there is no preserved claim that, even where the procedures required by *Apprendi* are followed – namely, proof to a jury beyond a reasonable doubt – a statute that enhances a DUI penalty based on a prior ARD acceptance is substantively unconstitutional. To the contrary, the issue we accepted for review is framed solely in terms of the procedure:

---

[4] Concerns about the prejudicial effect of evidence of a prior ARD can be alleviated through a bifurcated proceeding in which the Commonwealth's evidence of the earlier ARD may be admitted during the second phrase of the trial. *See Spencer v. Texas*, 385 U.S. 554, 567 (1967) (observing this system was used in Great Britain and in Connecticut); *Accord Apprendi*, 530 U.S. at 521 n.10 (Thomas, J., concurring); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 259 (1998) (Scalia, J., dissenting) (referring to the "traditional practice" of having a jury find recidivism beyond a reasonable doubt). *See generally People v. Epps*, 18 P.3d 2, 3 (Cal. 2001); *Butler v. State*, 848 S.E.2d 97, 101 (Ga. 2020); *People v. Chavez*, 621 P.2d 1362, 1366 (Colo. 1981); *cf. Graham v. West Virginia*, 224 U.S. 616, 621-22 (1912) (describing a system where a separate jury was empaneled to decide the question of recidivism). *See generally* Nancy J. King, *Juries & Prior Convictions: Managing the Demise of the Prior Conviction Exception to Apprendi*, 67 SMU L. Rev. 577 (2014) (discussing various methods for limiting jury prejudice stemming from knowledge of prior convictions).

> In light of *Alleyne*[], is it unconstitutional to consider an acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by *Alleyne*, *i.e.*, a prior offense can only be determined by a jury by proof beyond a reasonable doubt?

*Commonwealth v. Shifflett*, 316 A.3d 616, 617 (Pa. 2024) (*per curiam*). That being the case, any suggestion by the majority that Section 3806 is facially unconstitutional on the grounds it enhances a penalty based on an ARD acceptance is unwarranted. Further, the majority's rejoinder that Sections 3804 and 3806 can be described as a "sentencing scheme," Majority Op. at 23 n.16, does not constitute the kind of clear, plain, and palpable proof that our cases require before we may declare that the work product of our coequal branch of government is repugnant to the Constitution, and hold that it must be voided.

Nor is the majority's argument persuasive to the extent it references a decision of the United States Supreme Court finding facial invalidity notwithstanding hypothetical outlier situations in which the enactment could potentially be utilized in a constitutional manner. *See id*. at 25-26 (discussing *City of Los Angeles v. Patel*, 576 U.S. 409 (2015)); *see also* Dissenting Op. at 5 (Dougherty, J.) (noting that in the hypothetical situations referenced in *Patel* the statute was irrelevant). This case has nothing to do with hypothetical outliers. It asks whether a statute that facially allows for a constitutionally valid application *in every case* should nonetheless be declared facially unconstitutional by assuming that in every case a constitutionally invalid process will be used.

As well, I find no salience in the majority's suggestion that we should err on the side of negating the work product of a coequal branch of government here because we invalidated a different statute upon finding it to be "irremediably unconstitutional on its face." *Id*. at 26 (quoting *Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016)). The statute presently under review is not irremediably unconstitutional on its face. In any event, it is an unusual theory to suggest we should repeat an action here on the basis that, even if such action amounts to error, we have made similar errors before.The

majority finally refuses to acknowledge that Sections 3804 and 3806 could be saved simply by ruling that, consistent with *Alleyne*, any finding of a prior ARD must be made by a jury. It justifies such refusal by pointing out that that is not how those provisions were applied in this particular matter – and adding that the same problem would arise in any future prosecution where a judge was permitted to find the fact of a prior ARD. *See id*. at 26-27. The majority stresses that "our focus must be on the impact Sections 3804 and 3806 have on Appellant and similarly situated individuals who have not had their previous acceptance of ARD determined by a jury." *Id*. at 27.

I agree. My point is that that is only a *facial* problem with those provisions if we also determine that the Vehicle Code (or some other statute) affirmatively requires the judge, and not the jury, to find the fact of the defendant's prior ARD. The majority neither makes that determination nor submits to the inevitable logical consequence that the statute is not facially invalid.[5] Sections 3804 and 3806 can be applied consistently with *Alleyne* and *Apprendi* in every case going forward – and they undoubtedly would be if the majority would just exercise a little restraint and grant Appellant relief on the basis that they were unconstitutionally applied in the present case.

## II.

My second reason for dissenting is that I also am not aligned with the majority's holding that a prior ARD acceptance is the type of fact that must be found by a jury under the *Apprendi* rule. My reasons are spelled out in the opinion I filed in *Commonwealth v. Verbeck*, 290 A.3d 260 (Pa. 2023) (*per curiam*) (affirming by an evenly divided Court),

---

[5] The majority does suggest our decision in *Wolfe* disfavors having a jury alone find facts that support an enhanced sentence. *See id*. (describing *Wolfe* as acknowledging that the "the sentencing court was bound to make its own determination at sentencing"). In *Wolfe*, however, the statute expressly required the judge to make that finding. *See Wolfe*,140 A.3d at 653. As noted above, the same is not true of Sections 3804 and 3806. Thus, *Wolfe* is materially distinguishable from this case and provides no support for the majority's holding.

and they need not be repeated herein at length.  *See id*. at 261-76 (Opinion in Support of Reversal (OISR) by Mundy, J.).  It is enough at present to point out the difficulty with the majority's reasoning by observing it places determinative weight on the earlier conviction having been reached in compliance with the constitutional predicates necessary to the imposition of criminal punishment.  The majority also stresses that those safeguards contrast with the procedures attendant to the resolution of a DUI charge through the ARD program.  *See* Majority Op. at 19-23.  In my view, such considerations are a red herring.

*Apprendi* only applies to contested facts.  Facts admitted or stipulated by the defendant do not come within the *Apprendi* rule.  *See Cunningham v. California*, 549 U.S. 270, 275 (2007).  Therefore, any holding by this Court in the instant case can only apply when the prior ARD acceptance is contested, because it is only then that the question, *to whom must it be proved?*, has any relevance.  *See Verbeck*, 290 A.3d at 273-75 & n.15 (OISR).  But what meaningful difference, constitutionally speaking, is there between the *contested fact* of a prior ARD acceptance and the *contested fact* of a prior conviction?  In neither instance does the constitutional adequacy of the procedures used to resolve the earlier charges have any bearing.  The only questions raised are whether it occurred at all, and whether the defendant then was the same as the defendant now.

Suppose, for example, that in the prior-conviction scenario, the defendant argues the government is proceeding based on inauthentic documents or mistaken identity, *e.g.*, the prior defendant was a different person with the same name.  *See generally People v. Epps*, 18 P.3d 2, 5-7 (Cal. 2001) (positing grounds on which the fact of a prior conviction may be challenged, including mistaken identity and fabricated, insufficient, inaccurate, or inauthentic records).[6]  Why does it matter whether the defendant in *that* prosecution was

---

[6] A dispute over the fact of a prior conviction could also arise if the names are different but the prosecution claims they are aliases for the same person.  *See, e.g., Graham v. West Virginia*, 224 U.S. 616, 621 (1912); *see also Almendarez-Torres v. United States*, (continued…)

"cloaked with the panoply of constitutional trial rights," Majority Op. at 10, if the defendant in the present case denies he was ever convicted?[7] The same is true of a prior ARD. The only question is whether it happened, and happened to this defendant. So again, even assuming any prior conviction arose from a constitutionally valid process – and as discussed below, this is merely an assumption, not something the Commonwealth must prove – how is the contested fact of a prior conviction different from the contested fact of a prior ARD in any constitutionally meaningful way? It is not.

To illustrate further: the statutory terms "prior offense" in Section 3806(a), and "second offense" in Section 3804(a)(2), are not magic words. The Legislature could just as easily have provided that anyone who receives a "stern warning" from the government not to drink and drive, and then drives under the influence thereafter notwithstanding the benefit of that warning, is subject to the penalties listed in Section 3804(a)(2). Then in 3806(a), the Legislature could have defined "stern warning" to include both a prior conviction with its imposition of criminal penalties, and a prior ARD resolution with its imposition of substantial civil penalties.[8] The majority, in essence, argues that if the

_____

523 U.S. 224, 268 (1998) (Scalia, J., dissenting) (recounting the difficulties prosecuting authorities face on the question of recidivism when an individual possesses documents reflecting different aliases).

[7] The defendant need not affirmatively state, in so many words, that the conviction never took place. In any prosecution where the defendant does not stipulate to the prior conviction, that is his position – the government has to prove it.

[8] We have explained that ARD is not a "trivial mechanism for avoiding a conviction and expunging an arrest record[, but] an intensive process involving personal assessments, safety classes, and addiction treatment, if necessary, all under court supervision for six months to a year[.]" *Whalen v. PennDOT*, 32 A.3d 677, 684 (Pa. 2011); *see* 75 Pa.C.S. § 3807(b). In return for avoiding a criminal conviction, the defendant waives his right to require the Commonwealth to prove his guilt beyond a reasonable doubt, and the court sets conditions that may include those "imposed with respect to probation after conviction of a crime," such as restitution, costs, administrative expenses, and any other conditions agreed to by the parties. Pa.R.Crim.P. 316(A); *see* 75 Pa.C.S. § 3807(b). *See generally* Brief for Appellee at 10 (enumerating secondary consequences to a criminal conviction, (continued…)

government seeks a penalty based on a criminal-conviction-stern-warning, it has a relatively low burden of proof: it must demonstrate the prior issuance of that warning to a judge by a preponderance. But if the government seeks the same penalty based on the defendant having received an ARD-stern-warning, it must prove the issuance of *that* warning to a jury beyond a reasonable doubt.

There is no reason in logic for this different treatment. Focusing on the different procedures used to issue those two different kinds of "stern warning" is immaterial because, as noted, the *validity* of the warning is not in dispute, only its *existence*. Under the Vehicle Code, there is no warrant for relitigating the earlier charge or litigating the question of whether it was disposed of through a constitutionally-valid process. All that matters is whether a conviction or an ARD actually happened. Thus, by emphasizing that the procedural safeguards required for criminal punishment were (assumedly) followed in the earlier case, the majority focuses on an irrelevancy. It is also true that the procedural safeguards required for civil consequences, including the deprivation of constitutionally protected liberty and property interests, *see supra* note 8, are assumed to have been in place before any ARD resolution could have occurred. But again, none of that matters. If the majority would just say, "The *Apprendi* rule's exception has been phrased in terms of a prior conviction only, and regardless of whether that exception makes any sense or

___

including those relating to employment, housing, professional licensing, and immigration). In many instances, as well, the individual's driving privileges are suspended for a period of time. *See id*. § 3807(d)(2)-(4). *See generally Verbeck*, 290 A.3d at 264-65 (OISR) (providing an overview of the ARD program).

These types of measures deprive the defendant of constitutionally-protected interests including money and driving privileges. It would be difficult to argue they do not amount to an emphatic warning to the driver that drinking and driving puts himself and others in extreme danger – and not to do it in the future on pain of even more severe consequences. To the degree Appellant suggests ARD acceptance is equivalent to any other "unadjudicated arrest," Brief for Appellant at 16, his argument is unpersuasive.

rests on a principled basis, we have to stick to the exact words used by the Supreme Court," *that* at least would be a coherent argument.

In my own view, the exception to the *Apprendi* rule does not rest on a principled basis. "When a finding of fact alters the legally-prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Alleyne*, 570 U.S. at 114-15; *Dixon*, 255 A.3d at 1262; *see supra* note 3. "Necessarily" does not admit of exceptions, and it can hardly be denied that a prior conviction alleged by the government, and not conceded by the defendant, is a fact that must be found. At common law the "the near-uniform practice among the States" was to treat that fact as a separate element of a higher-graded offense. *Almendarez-Torres v. United States*, 523 U.S. 224, 261 (1998) (Scalia, J., dissenting). *Apprendi* attempted to justify distinct treatment for prior convictions by referring to a "vast difference between accepting the validity of a prior judgment" where the defendant enjoyed full procedural safeguards, "and allowing the judge to find the required fact under a lesser standard of proof." *Apprendi*, 530 U.S. at 496; *see also* Majority Op. at 9-10 (quoting this passage). But where a statute enhances a penalty based on recidivism, any concern about "the validity of [the] prior judgment" is a distraction because, as explained, only the *fact* of the prior judgment is at issue, not its validity.

The validity is assumed, but that is merely an assumption. Courts do not relitigate prior charges to ensure the earlier conviction was valid, and neither *Apprendi* nor the present majority suggests a sentencing court reviewing the defendant's criminal record must investigate and verify that, in relation to all prior convictions, the defendant really did enjoy full procedural safeguards. For all the sentencing court knows, the earlier proceedings were rife with constitutional error that was never challenged or the challenges to which were erroneously rejected. Under *Apprendi*, if the prior conviction is

proven as a fact, the validity of the imposition of criminal punishment is simply assumed. But it is also true that, if a prior ARD is proven as a fact, the validity of *its* deprivation of constitutionally-protected liberty and property interests is also assumed. So focusing on the procedural safeguards that we *hope* were applied in the earlier prosecution – but we do not really know for sure, and the government is not required to prove it – does not distinguish a prior conviction from any other fact that must be found. This may be why the four dissenting Justices in *Almendarez-Torres*, the case on which the *Apprendi* exception was ultimately based, described the exception as "illogical," *id*. at 262 (Scalia, J., dissenting), and the *Apprendi* majority itself expressed that *Almendarez-Torres* may have been "incorrectly decided." *Apprendi*, 530 U.S. at 489.[9]

But, the exception remains in force to this day, and there simply is no constitutionally-meaningful distinction between a prior conviction and a prior ARD acceptance. Hence, I dissent.

I note, as well, that the majority's actual objection appears to be to an earlier ARD constituting the basis for an enhanced penalty on the grounds that, in the ARD program, the defendant is never proven guilty. The majority finds this point "most critical[]" in the present controversy. Majority Op. at 19; *see also id*. at 20 (stressing that the defendant also does not admit guilt). But that merely amounts to a disagreement with the General Assembly's legislative choices. As such, it cannot properly form the basis for a judicial decision absent a finding of substantive unconstitutionality – which, as explained above, is not before us in this appeal.

---

[9] *See also Shepard v. United States*, 544 U.S. 13, 27-28 (2005) (Thomas, J., concurring) (observing that a majority of the Justices, at that juncture, agreed *Almendarez-Torres* was wrongly decided).

.

The only additional observation I wish to make at present is that, although the Supreme Court has indeed used the phrase, "other than the fact of a prior conviction," it has never addressed a case like this one, where the earlier resolution of criminal charges bears many of the characteristics of a conviction that *Apprendi* found important, in the sense that it has nothing to do with the defendant's conduct in committing the present offense, *see Apprendi*, 530 U.S. at 496, and it is subject to proof through certified government records, *see Shepard*, 544 U.S. at 25. As I noted in *Verbeck*, the circuits are split as to whether other similar matters of judicial record, such as prior juvenile adjudications of delinquency, fall within the exception to the *Apprendi* rule. *See Verbeck*, 290 A.3d at 271, 274-75 (OISR).[10] As well, several other state appellate courts to consider the question in the context of a diversionary program agree with my position. *See Verbeck*, 290 A.3d at 276 n.18 (OISR) (citing cases). Therefore, it is my hope the Supreme Court will grant *certiorari* in such a case and clarify how the *Apprendi* rule applies in these circumstances.

---

[10] *Compare Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. 2020) (holding a prior ARD acceptance must be proved to the jury beyond a reasonable doubt), *with Commonwealth v. Lee*, 260 A.3d 208 (Pa. Super. 2021) (holding a prior juvenile adjudication is the equivalent of a prior conviction, and thus, under *Apprendi* it may be proved to a judge by a preponderance).